1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

10  SECURITIES AND EXCHANGE
    COMMISSION,                               Case No.:  22-cv-219-WQH-BGS
11
                                Plaintiff,    **ORDER**
12
          v.
13
    GLOBAL WHOLEHEALTH
14  PARTNERS CORP., CHARLES
    STRONGO, BRIAN M. VOLMER,
15  JOSHUA YAFA, JAMIE YAFA, and
    EMPIRE ASSOCIATES INC.,
16
17                              Defendants.
18  HAYES, Judge:

19        The matters before the Court are the Motions to Stay this case filed by Defendants

20  Global Wholehealth Partners Corp. ("GWHP"), Charles Strongo, Brian M. Volmer, Joshua

21  Yafa, Jamie Yafa, and Empire Associates Inc. (ECF Nos. 33, 34, 38, 40).

22                              **BACKROUND**

23        On February 17, 2022, Plaintiff Securities and Exchange Commission ("SEC") filed

24  the Complaint in this civil case against Defendants. (ECF No. 1). The Complaint alleges

25  violations of Section 10(b) and Rule 10b-5 of the Securities and Exchange Act of 1934,

26  and violations of Sections 17(a) and 17(b) of the Securities Act of 1933, resulting from a

27
28

"pump and dump" scheme involving the publicly traded stock of GWHP.[1] (*Id.* at 1.) The Complaint alleges that Defendants used false and misleading promotional campaigns and press releases concerning GWHP's purported submission of emergency use authorization requests for COVID-19 diagnostic tests to encourage investors to purchase GWHP shares, with the intent to sell their shares once the value of the stocks increased after their campaign. (*Id.* at 2-3.) The Complaint alleges that Defendants ultimately "unloaded their shares of GWHP on the … market for a total of at least $1.95 million in illegal proceeds." (*Id.* at 3.)

On February 23, 2022, the Court ordered the unsealing of a two-count Indictment charging Brian Volmer, Joshua Yafa, Jamie Yafa, Charles Strongo, and Carl Marciniak with conspiracy to commit securities fraud and securities fraud in relation to the same "pump and dump" scheme involving GWHP stock that is alleged in the civil Complaint. (*See* S.D. Cal. Case. No. 21-cr-1310-WQH, ECF No. 1).

On April 12, April 28, and May 12, 2022, Defendants filed Motions to Stay this civil action pending resolution of the criminal proceeding. (ECF Nos. 33, 34, 38, 40). Defendants contend that they cannot respond to the civil Complaint in a substantive manner out of concerns they will make "admissions that may harm them" in the criminal proceeding. (ECF No. 33-1 at 2). Defendants contend that if they invoke the Fifth Amendment protection against self-incrimination, then civil discovery will be "largely one-sided" and Defendants' inability to testify would affect their opportunity to defend themselves in the civil case. (ECF No. 34-1 at 3-4). Finally, Defendants contend that a stay of the civil case pending resolution of the criminal proceeding "may narrow the issues to be litigated in the civil case and, once the criminal case is concluded, civil discovery could

---

[1] The Complaint alleges that "in a pump-and-dump, the operators of the fraud artificially inflate the price and trading volume of the stock they or related parties hold, often by publicly disseminating positive but often false or misleading information about a stock to 'pump' the price higher." (ECF No. 1 at 1-2). The operators then "dump" their overvalued shares, earning a profit resulting from their fraudulent conduct. The price of the stock eventually falls, and those investors who continue to hold the stock lose money. (*Id.* at 1-2).

proceed without concerns about self-incrimination and the resource-consuming motion work that invoking that right often trigger." (*Id.* at 8.)

The docket reflects that no opposition to the Motions to Stay has been filed.

## MOTIONS TO STAY

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Keating*, 45 F.3d at 324 (quoting *Dresser*, 628 F.2d at 1374). "Nevertheless, a court may decide in its discretion to stay civil proceedings ... when the interests of justice seem [ ] to require such action." *Id.* (quoting *Dresser*, 628 F.2d at 1375).

In considering a motion to stay civil proceedings, a district court balances (1) the interests of the plaintiff in proceeding expeditiously or any potential prejudice to plaintiffs from delay, (2) the burden that the proceedings may impose on the defendants, (3) the convenience of the court and the efficient use of judicial resources, (4) the interests of persons not parties to the civil litigation, (5) and the interests of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324-25.

A. <u>Prejudice to Plaintiff</u>

The SEC did not file an opposition to any of the Motions to Stay, despite having notice and opportunity to do so. The SEC potentially could benefit from a stay of the civil case, as a resolution of the criminal proceeding could narrow the issues for the civil litigation. As there is no evidence of any prejudicial impact on the SEC, the Court finds that a stay is unlikely to cause substantial prejudice to the SEC.

/ / /

/ / /

### B. Burden on the Defendants

Defendants face serious criminal charges, and the allegations in the civil Complaint are factually intertwined with the charges in the criminal Indictment against the Defendants. While "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege," *Keating*, 45 F.3d at 326, Defendants' Fifth Amendment interests serve as a factor in deciding whether to stay a civil proceeding pending resolution of a criminal proceeding. *Id*. The civil proceeding, "if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Dresser*, 628 F.2d at 1376. The Court finds that the potential burdens on the Defendants weigh in favor of staying this action pending resolution of the criminal proceeding.

### C. Convenience of the Court and Efficient Use of Judicial Resources

The allegations in the civil Complaint are factually intertwined with those in the criminal Indictment.  Parallel civil and criminal proceedings present discovery issues which could slow both proceedings. *See Sec. & Exch. Comm'n v. Cole*, No. CV 12-8024 ABC, 2013 WL 12149683, at *3 (C.D. Cal. Mar. 21, 2013). If the criminal proceeding is not resolved first, the Fifth Amendment rights of the parties and witnesses could dominate the civil discovery process. Furthermore, if the criminal proceeding is resolved first, the issues for litigation in this case could be narrowed, saving time and judicial resources. *See id*. The Court finds that the convenience of the Court and efficient use of judicial resources weigh in favor of staying this action pending resolution of the related criminal proceeding.

### D. Interests of Non-Parties and the Public.

The public generally has an interest in expeditious litigation. The public also has an interest in the proper functioning of the public markets and ensuring bad actors are not allowed to fraudulently manipulate the market. These interests will be adequately

22-cv-219-WQH-BGS

preserved even if this civil action is stayed, given that the criminal action is proceeding expeditiously. The Court finds that the interests of non-parties and the public do not weigh against staying this action.

## CONCLUSION

The Court concludes that a stay of this case pending resolution of the related criminal proceeding is appropriate "in light of the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902.

IT IS HEREBY ORDERED that the Motions to Stay this case (ECF Nos. 33, 34, 38, 40) are granted. This case is stayed pending the resolution of the charges against the civil Defendants in the criminal proceeding. (*See* S.D. Cal. Case. No. 21-cr-1310-WQH, ECF No. 1). Any party may file a motion requesting the Court to lift the stay when the criminal proceeding is resolved or for other good cause.

Dated:  June 13, 2022

William Q. Hayes
Hon. William Q. Hayes
United States District Court