UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL WHOLEHEALTH PARTNERS CORP., CHARLES STRONGO, BRIAN M. VOLMER, JOSHUA YAFA, JAMIE YAFA, and EMPIRE ASSOCIATES INC.,<br><br>Defendants. | Case No.: 22-cv-219-WQH-SBC<br><br>**ORDER** |

HAYES, Judge:

On June 13, 2022, the Court issued an Order staying this case "pending the resolution of the charges against the Civil Defendants" in the "related criminal proceeding." (ECF No. 41 at 5 (citing S.D. Cal. Case No. 21-cr-1310-WQH).)

On September 18, 2024, the Court issued an Order requiring the parties to "file a status report showing cause why the stay in this case (*see* ECF No. 41) should not be lifted" "in light of the resolution of all criminal charges against the civil defendants in this action." (ECF No. 43 at 1.)

On October 9, 2024, Plaintiff Securities and Exchange Commission ("SEC") and Defendants Global Wholehealth Partners Corporation, Charles Strongo ("Strongo"), Jamie Yafa, and Empire Associates Inc. filed a Joint Status Report requesting that the Court

continue the stay in this case.[1] (ECF No. 44.) The Joint Status Report explains that, in the related criminal case, Volmer, Strongo, Jamie Yafa, and Joshua Yafa have been sentenced, but Jamie Yafa and Joshua Yafa "have appealed their convictions and their sentences." *Id.* at 2 (citing *United States v. Yafa*, Nos. 23-4108, 23-4254, 23-4330 (9th Cir.)). The Joint Status Report states that "[t]he Yafas' appeals are pending, and briefing is nearly complete, with the Yafas' consolidated reply brief due October 15, 2024." *Id.*

The Joint Status Report provides the following rationale for continuing the stay of this action:

> The undersigned parties propose that the stay in this case continue until the mandate issues in the Yafas' appeal, and that the SEC file a status report every 90 days beginning January 7, 2025. Continuing the stay will conserve judicial resources. If the convictions are affirmed, then there will likely be no issues for trial in this case, with only remedies, including disgorgement and civil penalties, left for the Court to determine (in the absence of settlement).
>
> …
>
> Continuing the stay will also allow SEC counsel the time needed to obtain authorization from the Commissioners of the SEC for the remedies it will seek against Defendants. As the Court may be aware, only the Commissioners of the SEC have the final authority to approve any request by counsel for specific disgorgement amounts and civil penalty amounts in litigation. Similarly, only the Commissioners of the SEC have final authority to approve any settlement on behalf of the SEC. SEC counsel is currently reviewing the rulings and evidence from the criminal case, together with materials obtained in the SEC's investigation, to determine what remedies to recommend to the Commission. Obtaining authority from the Commission to request specific disgorgement amounts and civil penalty amounts, either as part of a motion for remedies or a motion for default judgment, generally takes at least 60 to 75 days. Obtaining authority to enter a settlement takes just as long.

*Id.* at 2–3.

Having considered the Joint Status Report, the Court finds good cause to discharge the Order to Show Cause and continue the stay of this action.

---

[1] The Joint Status Report states that Defendants Brian Volmer ("Volmer") and Joshua Yafa "did not respond to emails from counsel for the SEC." (ECF No. 44 at 1 n.1.)

1   IT IS HEREBY ORDERED that the Order to Show Cause (ECF No. 43) is
2   discharged.
3   IT IS FURTHER ORDERED that this case remains stayed. The SEC shall file a
4   status report on January 7, 2025, and every ninety (90) days thereafter until the stay is
5   lifted.
6   Dated: October 22, 2024

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court