UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL WHOLEHEALTH PARTNERS CORP., CHARLES STRONGO, BRIAN M. VOLMER, JOSHUA YAFA, JAMIE YAFA, and EMPIRE ASSOCIATES INC.,<br><br>Defendants. | Case No.: 22-cv-219-WQH-SBC<br><br>**ORDER** |

HAYES, Judge:

    On September 9, 2025, Rosing Pott & Strohbehn filed a Motion to Withdraw as Counsel for Defendants Global Wholehealth Partners Corp. ("GWHP") and Charles Strongo ("Strongo") pursuant to Local Rule 83.3(f)(3). (ECF No. 55.)

    On September 30, 2025, Plaintiff Securities and Exchange Commission ("SEC") filed a Non-Opposition to the Motion to Withdraw as Counsel and a Status Report. (ECF No. 57.)

    In its filing, Plaintiff reports that "the SEC has been in contact with Defendants' counsel and with pro se Defendant Brian Volmer to discuss settlement" despite all named

1

Defendants' failure to timely respond to the Complaint. *Id.* "Several of those discussions have been productive, and SEC counsel has provided settlement documents to Volmer and counsel for Defendants Joshua Yafa and Jamie Yafa for their consideration. Since counsel for [GWHP] moved to withdraw, SEC counsel has also—with defense counsel's consent— discussed a potential resolution with representatives of [GWHP.]" *Id.* Plaintiff accordingly "does not intend to seek entry of default against Defendants for at least 60 days to continue settlement discussions." *Id.*

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Urias v. Labcorp Peri-Approval & Commercialization Inc.*, No. 23-CV-1815 JLS (MSB), 2023 WL 8845384, at *1 (S.D. Cal. Dec. 21, 2023) (citation omitted); *see also United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). In evaluating a motion to withdraw, courts consider: (1) the reasons for withdrawal; (2) the potential prejudice to other litigants; (3) the "harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted).

The Court finds good cause to grant the Motion to Withdraw as Counsel. Counsel "has had no contact with [Defendant] Strongo since 2022. . . . [d]espite several attempts to communicate with him via telephone, text, and email." (ECF No. 55-1 at 3.) "Counsel has been much more successful in communicating with GWHP, but the company has not been able to come up with the funds for continued representation." *Id.* Failure to pay attorneys fees may constitute "a valid ground for withdrawal," *Leatt Corp.*, 2010 WL 444708 at *2, and Defendant GWHP "has not paid [Rosing Pott & Strohbehn] since the firm's founding in December 2024." (ECF No. 55-2 at 3.)

The Court finds limited risk of prejudice to other litigants. Based on the status report filed by Plaintiff SEC, settlement discussions with Defendants Volmer, Joshua Yafa, and Jamie Yafa have been "productive," but settlement discussions with Defendant GWHP are

at an earlier stage: "SEC counsel . . . discussed a potential resolution with representatives of [GWHP.]" (ECF No. 57.) The Court is unaware of any settlement discussions between Plaintiff and Defendant Strongo. The Court also finds only limited risk of delay or harm to the administration of justice because this case remains in a nascent stage and the parties are maintaining regular communication regarding a potential resolution.

Corporations, however, "may appear in court only through an attorney." Civ. L.R. 83.3(j); *In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam). Defense counsel reports that Defendant "GWHP had been advised verbally and in writing of [his] intent to move to withdraw" and that his Motion to Withdraw as Counsel was "served[] by email" to Defendant GWHP, but does not report that Defendant GWHP has been able to secure new representation as of yet. (ECF No. 55-2.) The Court finds that more time is required to allow Defendant GWHP to secure representation. *Ewing v. Gitre*, No. 24-CV-1213-AGS-DDL, 2025 WL 1425551, at *1 (S.D. Cal. May 16, 2025) (giving 30 days to a corporate defendant to secure representation); *Consumer Fin. Prot. Bureau v. Global Fin. Support, Inc.*, No. 14-CV-2400-GPC-WVG, 2019 WL 3068232, at *2 (S.D. Cal. July 12, 2019) (same).

IT IS HEREBY ORDERED that the Motion to Withdraw as Counsel (ECF No. 55) is granted in part. Earll M. Pott of Rosing Pott & Strohbehn is withdrawn as counsel of record for Defendant Strongo in this action as of the filing of this Order. Earll M. Pott shall be withdrawn as counsel for Defendant GWHP upon the issuance of a subsequent Order thirty (30) days from the filing of this Order and may be withdrawn earlier if alternative counsel for the corporate defendant files a notice of appearance before thirty (30) days has expired.

IT IS FURTHER ORDERED that, no later than seven (7) days from the entry of this Order, Mr. Pott shall file a certificate of service indicating that he has served Defendant Strongo and Defendant GWHP with a copy of this Order.

IT IS FURTHER ORDERED that Defendant Strongo shall have twenty-one (21) days from the date of this Order to retain new counsel, and for such counsel to file a notice

1  of appearance. If no notice of appearance is filed within that time, the Court will deem
2  Defendant Strongo as proceeding *pro se*.
3
4
5  Dated:  November 17, 2025
6                                                          Hon. William Q. Hayes
7                                                          United States District Court